IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STANLEY R. GILLILAND                                                                               PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:12cv532-FKB

CHRISTOPHER EPPS, et al.                                                                      DEFENDANTS

ORDER

Plaintiff, a former state inmate, brought this action pursuant to 42 U.S.C. § 1983 seeking recovery for the confiscation and subsequent loss of a CPAP machine by prison officials.[1]  The only remaining defendant is Wexford Health Sources.  Presently before the Court is Defendant's motion for summary judgment.  Plaintiff has not responded to the motion.  The Court concludes, for the reasons stated herein, that the motion should be granted.

Defendant provides health care services at Central Mississippi Correctional Facility, the institution in which Plaintiff was housed, under contract with the Mississippi Department of Corrections (MDOC).  The affidavit of Lynda Powell, Defendant's regional manager, establishes that Plaintiff's CPAP unit was never in the care or custody of any Wexford employee; rather, it was in the sole custody of MDOC.  Thus, there is no basis for holding Wexford liable for the loss of the machine.

Furthermore, Plaintiff has failed to state a claim for relief cognizable under § 1983.  It is well-settled that random and unauthorized deprivations of property by state officials

---

[1] The CPAP machine was ultimately located and returned to Plaintiff after his release; however, by that time he had already been required to purchase a replacement machine.

do not violate the constitution if adequate post-deprivation remedies exist.  *Hudson v. Palmer*, 468 U.S. 517 (1984).  Mississippi common law provides adequate remedies for the taking of personal property.  *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994).  Therefore, federal relief is not available.

For these reasons, Defendant's motion is hereby granted.  A separate judgment will be entered.

SO ORDERED this the 1st day of April, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE